UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DA SEAN MUCKLE,

    Plaintiff,

v.                                        Case No: 6:15-cv-1391-Orl-28TBS

HEALTHCARE SUPPORT STAFFING,
INC.,

    Defendant.
_____

# ORDER

In this disability discrimination case, Plaintiff Da Sean Muckle seeks to compel arbitration against his former employer, Defendant Healthcare Support Staffing, Inc., under an Alternative Dispute Resolution Agreement ("Agreement"). (Doc. 24). Defendant responded in opposition arguing that the Agreement is unenforceable because even though it bears Plaintiff's signature, it does not bear a signature by an agent of Defendant. (Doc. 26). Plaintiff's Motion to Compel Arbitration and to Stay Proceedings Pending Completion of Arbitration (Doc. 24) is due to be denied because the Agreement is not valid.

The Federal Arbitration Act ("FAA") "places arbitration agreements on an equal footing with other contracts . . . and requires courts to enforce them according to their terms." Rent-A-Ctr., W., Inc. v. Jackson, 561 U.S. 63, 67 (2010) (internal citation omitted). Like other contracts, however, they may be invalidated by "generally applicable contract defenses." Id. (quoting Doctor's Assocs., Inc. v. Casarotto, 517 U.S. 681, 687 (1996)). "In the absence of an agreement to arbitrate, a court cannot compel the parties to settle their dispute in an arbitral forum." Klay v. All Defendants, 389 F.3d 1191, 1200 (11th Cir. 2004).

"[S]tate law generally governs whether an enforceable contract or agreement to arbitrate exists. Thus, in determining whether a binding agreement arose between the parties, courts apply the contract law of the particular state that governs the formation of contracts." Caley v. Gulfstream Aerospace Corp., 428 F.3d 1359, 1367 (11th Cir. 2005) (internal citation omitted). Here, Florida contract law applies in determining the validity of the Agreement.[1]

Where a party's signature is absent from an arbitration agreement there is "no presumptively valid general contract which would trigger the district court's duty to compel arbitration." Chastain v. Robinson-Humphrey Co., 957 F.2d 851, 854 (11th Cir. 1992). On the other hand, under certain circumstances, "'[a] contract may be binding on a party despite the absence of a party's signature.'" Integrated Health Servs. of Green Briar, Inc. v. Lopez-Silvero, 827 So. 2d 338, 339 (Fla. 3d DCA 2002) (quoting Gateway Cable T.V., Inc. v. Vikoa Constr. Corp., 253 So. 2d 461, 463 (Fla. 1st DCA 1971)). "'The object of a signature is to show mutuality or assent, but these facts may be shown in other ways, for example, by the acts or conduct of the parties.'" Id. (quoting Gateway Cable T. V., 253 So. 2d at 463). For instance, an arbitration clause that is included in an otherwise unsigned construction agreement is generally enforceable where both parties do their "best to comply with the terms of the agreement," including paying under the terms of the unsigned contract. H.W. Gay Enters., Inc. v. John Hall Elec. Contracting, Inc., 792 So. 2d 580, 581 (Fla. 4th DCA 2001). Additionally, in the employment context, an unsigned arbitration

---

[1] The law of the state where the contract was made applies to questions of contract validity. In re Estate of Santos, 648 So. 2d 277, 280 (Fla. 4th DCA 1995). The parties do not state where the contract was formed, nor do they dispute that it was formed in Florida. Because Plaintiff resides in Florida and was employed at Defendant's office in Florida, I will assume the contract was also formed in Florida.

2

agreement is enforceable where an employee's acceptance is expressly made contingent upon beginning or continuing employment with the employer. Caley, 438 F.3d at 1369. However, where an arbitration agreement is a separate and independent agreement from the employment contract and contains no terms regarding acceptance by continuing employment, it is not enforceable against the non-signing party. Schoendorf v. Toyota of Orlando, No. 608-CV-767-ORL-19DAB, 2009 WL 1075991, at *8 (M.D. Fla. Apr. 21, 2009).

Here, an agent of Defendant did not sign the Agreement, and the conduct of the parties does not demonstrate Defendant's assent to arbitrate. For example, Plaintiff does not point to any other arbitration proceedings in which Defendant has participated, and Plaintiff's ongoing employment with Defendant is insufficient to show Defendant's assent. Notably, Defendant's alleged promise to engage in arbitration was not a clause contained within a broader employment agreement; rather, the unsigned Agreement at issue was a contract of its own, entirely independent of any employment contract that may have existed between the parties. Moreover, the Agreement contained no provision stating that Plaintiff's continued employment would constitute acceptance. Indeed, the Agreement itself states, "This Agreement does not . . . interfere with the Parties' at-will employment relationship." (Pl.'s Ex. 1, Doc. 24-1, at 1). The Agreement is invalid and will not be enforced.

Even if the Agreement were valid, however, Plaintiff waived his right to arbitration. "[W]aiver occurs when a party seeking arbitration substantially participates in litigation to a point inconsistent with an intent to arbitrate." Ivax Corp. v. B. Braun of Am., Inc., 286 F.3d 1309, 1316 (11th Cir. 2002) (quoting Morewitz v. West of Engl. Ship Owners Mut. Prot. &

Indem. Ass'n, 62 F.3d 1356, 1366 (11th Cir.1995)).  Because Plaintiff filed two lawsuits covered by the Agreement against Defendant in state and federal court and engaged in discovery, mediation, and, in one of the cases, settlement, (see Doc. 32 in Case No. 6:14-cv-1824-PGB-GJK), Plaintiff has waived his right to arbitration.

It is **ORDERED** and **ADJUDGED** that Plaintiff's Motion to Compel Arbitration and to Stay Proceedings Pending Completion of Arbitration (Doc. 24) is **DENIED** in all respects.

**DONE** and **ORDERED** in Orlando, Florida, on May 23, 2016.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties